UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-03996-SK Date: July 31, 2026
Title Leonardo Sanchez Cabrera v. Todd M. Lyons, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER GRANTING PETITION**

Petitioner is an immigration detainee subject to discretionary detention under 8 U.S.C. § 1226(a). As a result, following his most recent arrest by Immigration and Customs Enforcement (ICE), he requested a custody redetermination from an immigration judge in accordance with § 1226(a) and the agency's own implementing regulations. *See* 8 U.S.C. § 1226(a)(2); 8 C.F.R. §§ 1003.19, 1236.1, 236.1(c)(8). However, the immigration judge concluded that petitioner is subject to mandatory jurisdiction under 8 U.S.C. § 1225(b)(2)(A) and thus lacks jurisdiction to even entertain petitioner's request for release on bond. (ECF 9-1). Because that conclusion is legally wrong, petitioner is presently detained without lawful executive authority under a mandatory detention statute that does not apply to him. *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("[A]liens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

The petition is therefore GRANTED, and a writ of unconditional release now issues. *See Boumediene v. Bush*, 553 U.S. 723, 739 (2008); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001); *Ex parte Endo*, 323 U.S. 283, 304-05 (1944); *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 136 (1807). Petitioner **Leonardo Sanchez Cabrera (A# 246-061-878)** is ORDERED RELEASED IMMEDIATELY from ICE custody on the same bond (if

any) and the same conditions of release (if any) that were in effect when petitioner was most recently arrested and detained by ICE. Judgment in petitioner's favor will be entered accordingly.

IT IS SO ORDERED.